## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| LANDRY DISTILLING, INC. and LANDRY DISTILLERY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LANDRY'S, LLC and LANDRY'S TRADEMARK, INC., <br><br> Defendants. | Civil Action No. ___1:23-cv-349___ <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Landry Distilling, Inc. and Landry Distillery LLC bring this complaint for declaratory judgment against Defendants Landry's, LLC and Landry's Trademark, Inc.

### NATURE OF ACTION, JURISDICTION, & VENUE

1.     This action seeks a declaratory judgment of non-infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under Texas law.

2.     The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.     The Court has supplemental jurisdiction to hear the state-law claims under 28 U.S.C. § 1367(a).

4.     Venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (b)(2).

## THE PARTIES

5.      Plaintiff Landry Distilling, Inc. is a Delaware corporation. Its principal address is 14707 Fitzhugh Rd E-200, Austin, Texas 78736.

6.      Plaintiff Landry Distillery LLC is a Texas limited liability company. Its principal address is 14707 Fitzhugh Rd E-200, Austin, Texas 78736.

7.      This complaint will refer to the Plaintiffs together as "Landry Distillery."

8.      Defendant Landry's, LLC is a Delaware limited liability company. On information and belief, its principal address 1510 West Loop South, Houston, Texas 77027.

9.      Defendant Landry's Trademark, Inc. is a Delaware corporation. On information and belief, its principal address 1510 West Loop South, Houston, Texas 77027.

10.     This complaint will refer to the Defendants together as "Landry's Restaurants."

## FACTS

### A.    Landry Distillery and its Marks

11.     Landry Distillery is an Austin-based business that blends, bottles, and sells small-batch whiskey under the primary brand name LANDRY DISTILLERY.

12.     Landry Distillery was formed in September 2020 by founder Zach Landry. Mr. Landry named the distillery after himself and his family to connect the brand to his personal reputation and his heritage. After the founding, Mr. Landry

quickly set to work developing small-batch whiskeys that could compete with the best without breaking the bank. The Alcohol and Tobacco Tax and Trade Bureau (TTB) approved labels for LANDRY OAKS brand rye whiskey and LANDRY STAKES brand bourbon whiskey on July 1, 2021. Not long after, in October 2021, Landry Distillery proudly launched both whiskey products.

13.     Landry Distillery's whiskey products have been available for purchase since that time. The products currently can be purchased at select retailers across Texas, New Mexico, and California, as well as through the Landry Distillery website at landrydistillery.com.

14.     On July 15, 2021, holding company Plaintiff Landry Distilling, Inc. filed applications with the U.S. Patent and Trademark Office (PTO) to register the marks LANDRY DISTILLERY (Serial No. 90830427), LANDRY OAKS (Serial No. 90830437), and LANDRY STAKES (Serial No. 90830444) for whiskey and distilled spirits (the "Distillery Applications").

15.     Through its continuous use in commerce, Landry Distillery enjoys valuable common law rights in its LANDRY DISTILLERY, LANDRY OAKS, and LANDRY STAKES marks (together, the "Distillery Marks").

16.     Landry Distillery has developed significant goodwill in its Distillery Marks. That goodwill is important and valuable to Landry Distillery.

**B.     Landry's Restaurants**

17.     On information and belief, the two Landry's Restaurants entities named as Defendants are part of a Houston-based group of companies that own and operate

3

LANDRY'S SEAFOOD HOUSE restaurants, as well as several other restaurant and entertainment brands.

18.     According to the LANDRY'S SEAFOOD HOUSE website, the restaurant chain offers Gulf Coast cuisine and has fourteen locations in Texas, Louisiana, Missouri, South Carolina, and Florida.

19.     On information and belief, Landry's Restaurants operates restaurant locations within this District. This includes restaurant locations in the Austin metropolitan area specifically, though not under the LANDRY'S SEAFOOD HOUSE brand.

20.     On information and belief, Landry's Restaurants is ultimately owned and controlled by Houston-area resident Tilman Fertitta.

21.     PTO records indicate that Landry's Restaurants (specifically, Landry's Trademark, Inc.) owns registrations for marks that incorporate "LANDRY'S" in connection with restaurant and bar services, apparel, casino and amusement park services, customer incentive award programs, and online retail store services featuring seafood and seasonings.

22.     However, PTO records do not indicate that Landry's Restaurants owns any registrations for marks that incorporate "LANDRY'S" in connection with any beverages, including alcoholic beverages, whiskey, or distilled spirits.

**C.     The Parties' Pre-Lawsuit Communications**

23.     On or around August 13, 2021, Landry Distillery's counsel received a demand letter sent on behalf of Landry's Restaurants, and specifically on behalf of the two entities named as Defendants. The letter asserted that Landry Distillery's

attempted registration and use of the Distillery Marks infringed Landry's Restaurant's rights in certain LANDRY'S marks. It demanded that Landry Distillery abandon the Distillery Applications and agree "to not use or register any mark, name, or domain name in the future that contains the LANDRY formative or is otherwise confusingly similar to the mark LANDRY'S." An accurate copy of this demand letter is attached as **Exhibit A**.

24.     Over approximately the next year and a half, Landry Distillery engaged in good faith settlement negotiations with Landry's Restaurants.

25.     Unfortunately, in the week prior to the filing of this action, the settlement discussions completely fell apart, under threats of imminent formal legal action by Landry's Restaurants.

26.     Specifically, on March 23, 2023, counsel for Landry's Restaurants sent a letter to counsel for Landry Distillery that included the following demand:

> The purpose of this letter is to inform you that if the attached settlement agreement is not signed by [Landry Distillery] and returned to us **before the close of business this Friday, March 24th**, Landry's has directed us to explore all available remedies, including the possibility of initiating a formal lawsuit against your client, as well as possibly seeking a temporary injunction with expedited discovery. Please inform your client that if litigation becomes necessary, our complaint would demand enhanced damages, attorneys' fees, and an immediate recall

and destruction of all existing Landry Distillery products, packaging, advertising and promotional materials.

27.     Despite a follow-up conversation on March 24 and a redline settlement proposal provided by Landry Distillery on March 27, Landry's Restaurants has apparently ended settlement negotiations. On the evening of March 27, counsel for Landry's Restaurants sent an email stating that it had already conveyed its "final position" on the matter and intended to withdraw its settlement offer if Landry Distillery would not immediately sign the proposed agreement that same night.

28.     The proposed agreement sent by Landry's Restaurants on the evening of March 27 is not acceptable to Landry Distillery.

29.     The parties have thus reached a clear impasse in their settlement discussions.

30.     In response to the explicit allegations of trademark infringement and imminent threats to pursue formal legal action by Landry's Restaurants, Landry Distillery has filed this declaratory judgment action to clarify and settle its legal right to use, and to continue in the future using, its Distillery Marks.

## COUNT I:
### FEDERAL DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1051 *et seq.*; 28 U.S.C. §§ 2201 & 2202)

31.     Landry Distillery incorporates and re-asserts the allegations above.

32.     Landry's Restaurants has expressly accused Landry Distillery of trademark infringement and has threatened imminent formal legal action in its March 23, 2023 letter.

33.    However, Landry's Restaurants cannot prove the elements of trademark infringement under the Lanham Act.

34.    Specifically, Landry's Restaurants cannot prove that there is a likelihood of consumer confusion resulting from Landry Distillery's use of the Distillery Marks.

35.    Among other factors contributing to the lack of any likelihood of confusion, the parties use different marks, offer different goods to different target customers through different retail outlets, and Landry Distillery adopted its mark in complete good faith.

36.    The lack of any likelihood of confusion is particularly acute because Texas state law governing alcoholic beverages prohibits Landry's Restaurants from expanding into Landry Distillery's line of business. As a retailer, Landry's Restaurants cannot legally manufacture its own brand of liquor, nor license its marks for use by any manufacturer of liquor.

37.    Because there is no likelihood of confusion, Landry Distillery has not infringed or violated any of Landry's Restaurants' alleged rights under the Lanham Act. Further, Landry Distillery's continued use of the Distillery Marks in the future will not infringe or violate any of those alleged rights.

38.    Landry Distillery asks the Court to enter a declaratory judgment to that effect under the Lanham Act and 28 U.S.C. §§ 2201 & 2202.

39.    An actual case or controversy exists about these issues, as shown by Landry's Restaurants' unambiguous claims and legal threats in its March 23 letter,

in which it imminently threatened formal legal action, and its March 27 follow-up communication confirming that its unacceptable settlement offer was its "final position" on the matter.

40.     Landry Distillery is entitled to a declaratory judgment to clarify and settle its legal rights.

**COUNT II:**
**TEXAS DECLARATORY JUDGMENT of NON-INFRINGEMENT**
**(Tex. Bus. & Com. Code § 16.102;  Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*)**

41.     Landry Distillery incorporates and re-asserts the allegations above.

42.     The elements of Texas statutory and common law trademark infringement are legally identical to the elements of infringement under the Lanham Act.

43.     Thus, for the same reasons enumerated in Count I above, Landry's Restaurants cannot prove trademark infringement under Texas common law or under Texas Business and Commerce Code section 16.102.

44.     Accordingly, Landry Distillery has not infringed or violated any of Landry's Restaurants' alleged trademark rights under Texas common law or under section 16.102.

45.     Landry Distillery asks the Court to enter a declaratory judgment to that effect under 28 U.S.C. §§ 2201 & 2202 and under Texas Civil Practices & Remedies Code section 37.001 *et seq.*

46.     An actual case or controversy exists about these issues, as shown by Landry's Restaurants' unambiguous claims and legal threats in its March 23 letter,

in which it imminently threatened legal action, and its March 27 follow-up communication confirming that its unacceptable settlement offer was its "final position" on the matter.

47.    Landry Distillery is entitled to a declaratory judgment to clarify and settle its legal rights.

**PRAYER**

Landry Distillery asks the Court to:

A.    enter a declaratory judgment of non-infringement for Landry Distillery under the Lanham Act and 28 U.S.C. §§ 2201 & 2202;

B.    enter a declaratory judgment of non-infringement for Landry Distillery under Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*;

C.    award Landry Distillery its costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a) and Texas law, including under Tex. Civ. Prac. & Rem. Code § 37.009; and

D.    award any other relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38(b).

DATED: March 29, 2023

Respectfully submitted,

/s/ *Travis R. Wimberly*
Travis R. Wimberly
State Bar No. 24075292
Christopher M. Weimer
State Bar No. 24061894
PIRKEY BARBER PLLC
1801 E. 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200
(512) 322-5201 (fax)
twimberly@pirkeybarber.com
cweimer@pirkeybarber.com

*Counsel for Plaintiffs*